**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**WENDOLYN KIMMONS**                                                        **PLAINTIFF**

**V.**                                                            **CAUSE NO. 3:14-CV-266-CWR-LRA**

**DURHAM SCHOOL SERVICES**                                        **DEFENDANT**

**ORDER**

Before the Court is the defendant's motion to dismiss. Docket No. 4. The plaintiff has responded, the defendant has replied, and the Court is ready to rule. *See* Docket Nos. 7-10.

**I.**     **Factual and Procedural History**

In March 2014, Wendolyn Kimmons filed a complaint in this Court claiming that her former employer, Durham School Services, had violated Title VII of the Civil Rights Act of 1964 by discriminating against her on the basis of race and gender. Docket No. 1, at 1. She specifically alleged that she "was removed as a Union representative under conditions which did not conform to the law. The details regarding the removal and subsequent aftermath will be given in detail as this matter unfolds." *Id.* at 2. Kimmons requested compensatory damages, punitive damages, costs, attorney's fees, and other relief. *Id.* at 2-3. This motion followed.

**II.**     **Present Arguments**

Durham School Services ("Durham") contends that dismissal is appropriate because Kimmons' suit was filed more than 90 days after she received the EEOC's right-to-sue letter. Docket No. 4. The right-to-sue letter was issued in November 2011, it says. *Id.* at 3. Durham also contends that Kimmons cannot maintain a claim for unlawful termination of a labor representative because it is not a "labor organization" under Title VII. *Id.* at 4-5.

Durham adds that Kimmons filed a similar lawsuit against it in this Court two years ago. *See Kimmons v. Durham Sch. Servs.*, No. 3:12-CV-140-DPJ-FKB (S.D. Miss.). The EEOC's November

2011 right-to-sue letter was attached to the complaint filed in that case. Kimmons voluntarily dismissed that suit after Durham moved for dismissal on several grounds, including that she had failed to file suit within 90 days of receiving the EEOC's right to sue letter.

In response, Kimmons argues that she "has exhausted the administrative preliminaries required in the law. The Right to Sue Letter issued by the Equal Employment Commission is already on file with the Court." Docket No. 7, at 2. Her voluntary dismissal of the earlier litigation "did not extinguish the right of the Plaintiff to pursue her claims against Durham School Services," she contends. *Id.* As for the labor organization argument, Kimmons responds that there is a sufficient "nexus between the employer and the union that the acts of each can be imputed to the other. This nexus will be explored further in the discovery phase." *Id.*

## III. Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

## IV. Discussion

According to the United States Court of Appeals for the Fifth Circuit,

> Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a

2

notice from the EEOC. This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. Although filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court.

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (quotation marks and citations omitted).

It is undisputed that Kimmons filed this suit more than 90 days after receiving the EEOC's right-to-sue letter. Her voluntary dismissal of her first lawsuit did not extend that time period. Under *Taylor*, therefore, this Title VII suit must be dismissed.

Further investigation reveals that this is Kimmons' seventh civil action in the Southern District of Mississippi. Although that fact is inconsequential by itself, the court records show that Kimmons is aware of the 90-day filing requirement, as she has previously complied with other EEOC right-to-sue letters plainly notifying her of the 90-day rule. *See, e.g.*, *Kimmons v. Kelly Temporary Servs.*, No. 3:11-CV-636-HTW-LRA, Docket No. 1-1 (S.D. Miss. Oct. 13, 2011). No reason has been given for why she could not comply with the same requirement in this action.

The defendant's alternate argument for dismissal need not be considered.

**V.     Conclusion**

The motion to dismiss is granted. A separate Final Judgment will issue.

**SO ORDERED**, this the first day of October, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
